UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE R. TARIN, et al.,<br><br>Defendants. | Case No. 15-cv-00011-JSC<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff brought this state law unlawful detainer action against Defendants Jamie R. Tarin and Joe T. Tarin in the Superior Court of California for the County of Contra Costa. Defendants, proceeding pro se, removed this action from Contra Costa County Superior Court. (Dkt. No. 1.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendants allege diversity jurisdiction; however, they have not established that the parties are diverse or that the amount in controversy exceeds $75,000. Instead, the face of the state court complaint states that the amount demanded is less than $25,000. (Dkt. No. 1, p. 8.) Further, even were Defendants' contentions as to federal jurisdiction maintainable, Defendants appear to be citizens of California as the underlying complaint alleges that they occupy property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule").

In light of the foregoing, the Court ORDERS Defendants to SHOW CAUSE as to why this action should not be remanded to state court. Defendants shall respond to this Order in writing by **January 27, 2015**. Failure to respond will result in remand of this case to the Contra Costa Superior Court.

**IT IS SO ORDERED**.

Dated: January 13, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge