UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE R. TARIN, et al.,<br><br>Defendants. | Case No. 15-cv-00011-JSC<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO REMAND** |

Plaintiff brought this state law unlawful detainer action against Defendants Jamie R. Tarin and Joe T. Tarin in the Superior Court of California for the County of Contra Costa. Defendants, representing themselves, subsequently purported to remove the action to this Court on the basis of diversity jurisdiction. Given the lack of subject matter jurisdiction appearing on the face of the Complaint, the Court issued an Order for Defendants to Show Cause ("OSC") why this case should not be remanded. (Dkt. No. 4.) Although ordered to respond to the OSC by January 27, 2015, Defendants failed to do so.

While Defendants have consented to the jurisdiction of the undersigned magistrate judge, Plaintiff has neither consented to nor declined to proceed before the undersigned judge. The Clerk of the Court is accordingly ordered to reassign this action to a district court judge. For the reasons explained below, the Court recommends that this case be REMANDED.

## DISCUSSION

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself

1   that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116
2   (9th Cir. 2004).  The Court has reviewed the Notice of Removal and has determined that subject
3   matter jurisdiction does not exist.

4   Jurisdiction founded on diversity "requires that the parties be in complete diversity and the
5   amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d
6   1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of the plaintiffs must be a
7   citizen of a different state than each of the defendants."  *Allstate Ins. Co. v. Hughes*, 358 F.3d
8   1089, 1095 (9th Cir. 2004).  Defendants have not established that the parties are diverse or that the
9   amount in controversy exceeds $75,000.  Instead, the face of the state court complaint states that
10  the amount demanded is less than $25,000.  (Dkt. No. 1, p. 8.)    Further, even if these
11  requirements were met, removal would still be improper because Defendants—all California
12  residents—are precluded from removing an action where they are citizens of the state in which the
13  action was brought.  28 U.S.C. § 1441(b)(2).

## CONCLUSION

15  Based on the foregoing, this Court RECOMMENDS that the newly assigned district court
16  judge REMAND this action to Contra Costa County Superior Court.

17  Any party may file objections to this report and recommendation with the district court
18  judge within 14 days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ.
19  P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right
20  to appeal the district court's ultimate Order.

**IT IS SO ORDERED**.

Dated: February 10, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge