UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>       Plaintiff,<br><br>   v.<br><br>JAMIE R. TARIN, et al.,<br><br>       Defendants. | Case No. 15-cv-01787-DMR<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER REFERRING CASE TO JUDGE CHHABRIA FOR CONSIDERATION OF CASE RELATION**<br><br>Re: Dkt. No. 1 |

Plaintiff Bank of New York Mellon brought this state law unlawful detainer action against Defendants Jamie R. Tarin and Joe T. Tarin in the Superior Court of California for the County of Contra Costa. Defendants, representing themselves, removed the action to this Court on the basis of diversity jurisdiction. The parties have not yet indicated whether they consent to proceed before the undersigned judge pursuant to 28 U.S.C. § 636(c). In addition, this case appears to concern substantially the same parties, property, and events as a recently-filed case assigned to Judge Chhabria, *Bank of New York v. Tarin, et al.*, No. 15-cv-00011-VC. Accordingly, the undersigned refers this case to Judge Chhabria for consideration of case relation. If Judge Chhabria finds that the matters are not related, the case should be reassigned randomly to a district judge. The undersigned recommends that this case be **remanded.**

## DISCUSSION

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th

1  Cir. 2004) ("We are obligated to consider sua sponte whether we have subject matter
2  jurisdiction."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks
3  subject matter jurisdiction, the court must dismiss the action.").

4      The Court has reviewed the Notice of Removal and has determined that subject matter
5  jurisdiction does not exist.  Jurisdiction founded on diversity "requires that the parties be in
6  complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive*
7  *Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of
8  the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v.*
9  *Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  Defendants have not established that the parties are
10 diverse or that the amount in controversy exceeds $75,000.  The face of the state court complaint
11 states that the amount demanded is less than $10,000 and Defendant's notice of removal states that
12 Plaintiff is a corporation doing business in California and that Defendants are individuals residing
13 in California.   Notice of Removal [Docket No. 1] at ¶¶ 5-6; Complaint [Docket No. 1 at 32] at 1.
14 Further, even if the requirements under 28 U.S.C. § 1332 were met, removal would still be
15 improper because Defendants—all California residents—are precluded from removing an action
16 where they are citizens of the state in which the action was brought.  28 U.S.C. § 1441(b)(2) ("A
17 civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of
18 this title may not be removed if any of the parties in interest properly joined and served as
19 defendants is a citizen of the State in which such action is brought.").

20     Because this court lacks subject matter jurisdiction, the court recommends that this case be
21 remanded to Contra Costa County Superior Court.

22     Any party may file objections to this report and recommendation with the district court
23 judge within 14 days after being served with a copy. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P.
24 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to
25 appeal the district court's ultimate order.

26     **IT IS SO ORDERED.**
27 Dated: May 8, 2015                                                                         _____
28                                                                       Donna M. Ryu
                                                                  United States Magistrate Judge